IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORA HOXHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:10cv355 |
| ) | **Electronic Filing** |
| PRIMANTI BROS. RESTAURANT ) | |
| CORPORATION and SOUTHSIDE ) | |
| FOOD AND BEVERAGE SERVICE, ) | |
| INC., d/b/a PRIMANTI BROS. SOUTH ) | |
| SIDE, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE, AND SCHEDULING A FINAL SETTLEMENT HEARING

The Court has considered the Class Action Settlement Agreement and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2. The Class Representative, the Primanti Bros. Releasees, and the Southside Food Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3. The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23 Class likely meets the requirements for certification under Rule 23

of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the litigation; (c) the claims of Class Representative Nora Hoxha are typical of the claims of the members of the proposed Class; (d) Class Representative Nora Hoxha will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in their own capacities as well as their representative capacities and for the Class; and (g) common issues will likely predominate over individual issues;

4. The moving parties also have presented to the Court for review a Class Action Settlement Agreement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5. The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a Participating Claimant. The notice will be disseminated to the proposed Class consistent with the Settlement Agreement. The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed.R.Civ.P. 23(c)(2)(B).

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

2. Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be provided by

of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the litigation; (c) the claims of Class Representative Nora Hoxha are typical of the claims of the members of the proposed Class; (d) Class Representative Nora Hoxha will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in their own capacities as well as their representative capacities and for the Class; and (g) common issues will likely predominate over individual issues;

4. The moving parties also have presented to the Court for review a Class Action Settlement Agreement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5. The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a Participating Claimant. The notice will be disseminated to the proposed Class consistent with the Settlement Agreement. The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed.R.Civ.P. 23(c)(2)(B).

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

2. Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be provided by

newspaper publication and in-store notification consistent with the terms of the Settlement Agreement.

3. A hearing shall be held before this Court on Wednesday, March 9, 2011, at 10:00 a.m., in Courtroom 7A, Seventh Floor, United States Post Office and Courthouse, Seventh Avenue and Grant Street, Pittsburgh, Pennsylvania, 15219, to consider whether the settlement should be given final approval by the Court:

    (a) Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

    (b) At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

    (c) Class Counsel and counsel for the Defendants should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

4. In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

9/21/2010

David Stewart Cercone
United States District Judge

cc: Patrick J. Perotti, Esquire
Nicole T. Fiorelli, Esquire
Dworken & Bernstein Co.
60 South Park Place
Painesville, OH 44077

Daniel P. McDyer, Esquire
Anstandig McDyer & Yurcon
1300 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Brian H. Simmons, Esquire
Jordan M. Webster, Esquire
Buchanan Ingersoll & Rooney
One Oxford Center, 20th Floor
301 Grant Street
Pittsburgh, PA 15219